FILED
United States Court of Appeals
Tenth Circuit

February 3, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAMES D. RUSSIAN,

      Defendant-Appellant.

No. 18-3173
(D.C. No. 6:14-CR-10018-EMF-1)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **BACHARACH, SEYMOUR,** and **MCHUGH,** Circuit Judges.

This appeal arises from Mr. James D. Russian's hearing on resentencing. Mr. Russian claims that the district court infringed his Sixth Amendment right to self-representation by allowing counsel to present arguments on his behalf. We disagree and affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.

## Background

The government charged Mr. Russian with: (1) being a felon knowingly in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (2) being a felon knowingly in possession of ammunition in violation of 18 U.S.C. § 922 (g)(1); (3) knowingly possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924 (c)(1)(A); and (4) possessing marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Mr. Russian pled not guilty.

At a suppression hearing, Mr. Russian represented himself pro se. The court thereafter revoked his right to self-representation when Mr. Russian unrelentingly repeated "foreign immunity" despite the court's direction to stop. Rec., supp. vol. I at 9. Because of Mr. Russian's unabated interruption, the court adjourned the hearing and held him in contempt. The court then appointed counsel to represent Mr. Russian at trial. The jury convicted him on all four counts and the court sentenced him to 137 months' imprisonment followed by two years of supervised release.

Mr. Russian appealed his sentence and was appointed counsel on appeal. We reversed and remanded for resentencing, concluding that the district court had committed various sentencing errors. *United States v. Russian*, 848 F.3d 1239 (10th Cir. 2017). Prior to the resentencing hearing, Mr. Russian filed a pro se motion to disqualify his counsel, and his counsel filed a motion to waive counsel and to set a *Faretta* hearing. The district court denied the

motions, explaining that Mr. Russian had previously appealed his sentence but failed to appeal the court's revocation of his right to self-representation. The court reasoned that the revocation remained the law of the case.

The day following the filing of the order and one day before the resentencing hearing, Mr. Russian filed a pro se motion to replace counsel, asserting that his prior motion had not been intended as a request for self-representation. At the resentencing hearing, Mr. Russian claimed that the order and his motion to replace counsel had crossed in the mail. The court allowed Mr. Russian to read his motion aloud but denied his request to replace counsel on the grounds that it was untimely and that Mr. Russian's appointed counsel was a well-regarded criminal defense attorney. The district court sentenced Mr. Russian to 101 months' imprisonment followed by two years of supervised release. The court also imposed several special conditions of supervised release including, as relevant here, a requirement that Mr. Russian complete "an approved program for substance abuse, which may include . . . outpatient and/or residential treatment . . . as directed by the Probation Office." Rec., vol. I at 50.

Along with other claims, Mr. Russian appealed the imposition of that special condition of supervised release. We held that "[d]elegating the decision of whether Mr. Russian should enter a residential treatment program to the probation office contravened Article III of the Constitution." We vacated the condition and remanded the case to the district court to determine "whether to

reimpose this condition in a manner that complies with the Constitution." *United States v. Russian*, 737 F. App'x 360, 361 (10th Cir. 2018).

On remand, the district court declined to reinstate the condition and ordered that the sentence be entered without it. After the court had made this determination, Mr. Russian's counsel notified the court that Mr. Russian had declined representation by counsel. The court then allowed Mr. Russian to address the court.

In his statement, Mr. Russian asked the district court to take judicial notice under Rule 201 of the Federal Rules of Evidence that he did not "submit to the jurisdiction of this court" and was present on a "restricted appearance," claiming that his prior counsel had "failed to join [him] as indispensable party (sic.)." Rec., vol. III at 26–27. Mr. Russian also raised arguments as to his "dual American citizenship" based upon his citizenship as "a Kansan and an American and a sovereign American national." *Id.* at 27. He invoked his right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975), by stating "I don't need, as it says in [*Faretta*] . . . an unacceptable legal fiction representing me." Rec., vol. III at 30. The district court explained that it was providing Mr. Russian "an opportunity to make any statement [he would] like to make." *Id.* at 30–31. Mr. Russian continued that he had experienced "violation after violation . . . human right (sic.) violations, violations of the Constitution, civil rights." *Id.* at 31. After he finished, the court addressed Mr. Russian's arguments and his pro se request before again affirming the order to

4

remove the special condition from his sentence. Mr. Russian appeals, claiming he was denied his Sixth Amendment right to self-representation at the hearing.

II.

**Standing and Mootness**

Before we can reach the merits of Mr. Russian's argument, we must first assess whether we have jurisdiction to hear this case. The government argues that Mr. Russian does not have standing to bring this appeal, and also asserts that the case should be dismissed on the grounds that it is moot. The government contends the district court did not do anything at the July 30, 2018 hearing adversely affecting Mr. Russian because the court removed the special condition and did not impose any further orders.

Constitutionally, the jurisdiction of the federal courts is confined to "cases" and "controversies." U.S. Const., Art. III, § 2. The doctrines of standing and mootness help to identify which cases are "of the justiciable sort referred to in Article III—serv[ing] to identify those disputes which are appropriately resolved through the judicial process." S*ee Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quotation marks and citation omitted). Standing and mootness are "related doctrines" in that "[s]tanding concerns whether a plaintiff's action qualifies as a case or controversy when it is filed; mootness ensures it remains one at the time a court renders its decision." *Brown v. Buhman*, 822 F.3d 1151, 1163 (10th Cir. 2016). We consider standing and mootness in turn.

5

A. **Standing**

We review questions of standing *de novo*. *Nova Health Systems v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005). Standing requires that the party invoking federal jurisdiction satisfy a three-part test: "a [party] must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Brown*, 822 F.3d at 1164 (quotation marks and citation omitted).

Even where a party satisfies Article III standing, we may still decline to hear a case because of prudential considerations. As we explained in *Niemi v. Lasshofer*, 770 F.3d 1331, 1344 (10th Cir. 2014), prudential standing "include[s] at least three broad principles: the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." (quotation marks and citation omitted).

A federal criminal defendant has a constitutional and statutory right to self-representation. *See* 28 U.S.C. § 1654; *Faretta*, 422 U.S. at 834–36. A defendant's right to self-representation is "either respected or denied; its deprivation cannot be harmless." *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984). The right to self-representation "affirm[s] the dignity and autonomy of the accused," as the defendant's pro se arguments "may, at least occasionally,

6

be the accused's best possible defense." *See id.* at 176–77. Even though proceeding pro se "usually increases the likelihood of [an] outcome unfavorable to the defendant," *id.* at 177 n.8, the defendant's "choice must be honored out of that respect for the individual which is the lifeblood of the law." *Faretta*, 422 U.S. at 834 (quotation marks and citation omitted).

In *Faretta*, the defendant challenged the denial of his request to represent himself, where he "clearly and unequivocally" invoked the right well before his trial date. *Id.* at 808, 835. The Supreme Court held that the Sixth Amendment guarantees a right to self-representation, explaining at length the history of the right, which is rooted in the "inestimable worth of [the] free choice" of the defendant. *See id.* at 818–32, 834.

Mr. Russian, like Mr. Faretta, claims that he was aggrieved because he was denied the opportunity to represent himself, as "unwanted counsel 'represents' the defendant only through a tenuous and unacceptable legal fiction." *Id.* at 821. While Mr. Russian received a favorable outcome on remand because the special condition was not reinstated, the alleged violation of his Sixth Amendment right stands on its own as an injury in fact. *See id.* at 834 (reasoning that the right to self-representation is a constitutional guarantee even though "in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts"). He therefore has standing to raise the issue.

B. **Mootness**

The next question is whether Mr. Russian's case is mooted by the district court's decision not to reimpose the special condition of supervised release. As with standing, we review questions of mootness *de novo*. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) (citation omitted). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Service Employees Intern. Union, Local 1000*, 567 U.S. 298, 307 (2012) (quotation marks and citation omitted). Where a party has "a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* at 307–08 (quotation marks and citation omitted).

There are "two kinds of mootness: constitutional mootness and prudential mootness." *Rio Grande Silvery Minnow*, 601 F.3d. at 1121. The constitutional mootness doctrine serves to ensure that a "controversy [is] extant at all stages of review, not merely at the time the complaint is filed." *Id.* (citation omitted). Prudential mootness is a discretionary doctrine that "arises out of the court's general discretion in formulating prospective equitable remedies" and it "generally applies *only* to requests for injunctive or declaratory relief." *Id.* at 1122 (emphasis added). The doctrine is, therefore, rooted in the "remedial discretion of the courts," which "necessarily includes the power to 'mould each decree to the necessities of the particular case.'" *Winzler v. Toyota Motor Sales U.S.A., Inc*, 681 F.3d 1208, 1210 (10th Cir.

8

2012) (citation omitted). In the present case, the government only raised constitutional mootness.

The unique facts of this case make it necessary that we take special care to distinguish the mootness inquiry from the merits. *See* 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3533.1 (3d ed. 2019) ("An argument that an action is moot because the plaintiff is not entitled to the requested relief, for example, is no more than an argument on the merits that should be decided on the merits."). The government asserts that Mr. Russian's claim is moot because the district court's mandate on remand was narrowly focused on whether to reinstate the special condition of supervised release and Mr. Russian effectively won all that was available on remand. Accordingly, it argues, he is not entitled to claim a Sixth Amendment violation on appeal. We disagree.

The district court was empowered to go beyond the narrow mandate and grant meaningful relief based upon Mr. Russian's pro se arguments. *See Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 (10th Cir. 2003) (explaining that "the mandate controls all matters within its scope, . . . [but] a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal.") (quotation marks and citation omitted). This case is unlike cases seeking equitable relief, where a court is empowered to determine what relief, if any, should be provided. If we find that a criminal defendant's constitutional rights were violated, we are obligated to grant relief. Thus, whether Mr. Russian's appointed counsel's participation infringed

9

upon Mr. Russian's right to self-representation remains live and we deny the government's motion to dismiss as moot.

## III.

## Right to Self-Representation

Mr. Russian contends that the participation of his appointed counsel on remand violated his right to appear pro se. But a defendant's right to self-representation is not unlimited. As we recognized in *United States v. Simpson*, a defendant must satisfy four requirements to proceed pro se:

> First, the defendant must clearly and unequivocally inform the district court of his intention to represent himself. Second, the request must be timely and not for the purpose of delay. Third, the court must conduct a comprehensive formal inquiry to ensure that the defendant's waiver of the right to counsel is knowingly and intelligently made. Finally, the defendant must be able and willing to abide by the rules of procedure and courtroom protocol.

845 F.3d 1039, 1046 (10th Cir. 2017) (quotation marks and citation omitted).

The Supreme Court has determined that the right to self-representation "plainly encompasses certain specific rights" to be heard including: the right "to control the organization and content of [one's] own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial." *McKaskle v. Wiggins*, 465 U.S. 168, 174 (1984). Yet, the appointment and participation of standby counsel in proceedings is not a violation of the right to self-representation. *See id.* at 176–77; *see also U.S. v. McKinley*, 58 F.3d 1475, 1483 (10th Cir. 1995) ("[T]he district court may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if

10

and when the accused requests help, and to be available to represent the accused in the event that the termination of the defendant's self-representation is necessary.") (citing *Faretta*, 422 U.S. at 834–35 n.46).

In the presence of the jury, the right to self-representation is more robust as the "objectives underlying the right to proceed pro se may be undermined by unsolicited and excessively intrusive participation by standby counsel." *McKaskle*, 465 U.S. at 177. Limiting standby counsel's participation in proceedings before the jury helps to preserve the core of the *Faretta* right— that the defendant controls "the case he chooses to present to the jury"—and to ensure that "multiple voices 'for the defense' will [not] confuse the message the defendant wishes to convey." *Id.* at 177–78.

Unlike a jury, however, a trial judge can easily distinguish the claims of the defendant from those of standby counsel. *Id.* at 179. Where no jury is present, therefore, a defendant's *Faretta* rights are "adequately vindicated" when "the *pro se* defendant is allowed to address the court freely on his own behalf and [so long as] disagreements between counsel and the pro se defendant are resolved in the defendant's favor whenever the matter is one that would normally be left to the discretion of counsel." *Id.*

Here, no jury was empaneled on remand and the district court looked narrowly at the issue of whether the special condition of supervised release could be imposed constitutionally. While counsel was appointed to represent Mr. Russian at the hearing, the district court permitted Mr. Russian to make his own arguments after he raised an objection to being represented by

11

counsel. Because Mr. Russian was "allowed to address the court freely on his own behalf," he was not prejudiced by the appointed counsel also presenting arguments to the court. *See id.* By allowing Mr. Russian the opportunity to address the court and to raise his arguments for relief, the district court properly ensured that Mr. Russian was able to control his defense in the proceeding. Moreover, the court specifically addressed the arguments raised by Mr. Russian before it reinstated its prior determination that the vacation of the special condition would stand and that no further condition would be imposed. Accordingly, Mr. Russian's right to self-representation was not violated by the district court.

WE AFFIRM.

Entered for the Court

Stephanie K. Seymour
Circuit Judge